[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO SET ASIDE AND OPEN JUDGMENT
The plaintiff's motion is denied. The court will comment briefly on the contents of plaintiff's brief. For the most part, plaintiff has reiterated what she already claimed in her original brief, making this motion in effect an attempt to re-argue what has previously been argued and considered by the court in its decision.
1. The statement in Exhibit 2, application for employment, signed by plaintiff is very explicit about the status of the applicant if she is employed. The court did not designate it as a contract of employment but it nevertheless carried considerable weight if the applicant was later employed because it clearly incorporated itself into the employment status of plaintiff thereafter. There were no "mixed signals" about any employment status that might follow in this language of Exhibit 2. No one except the company president could alter that CT Page 7974 statement, and it had to be done in writing.
2. In face of Exhibit 2, plaintiff can hardly base her claim on the doctrine of promissory estoppel. Unfortunately, she seems to have relied on alleged oral statements ("not promises") of other personnel made at a later time after employment occurred which would contradict Exhibit 2. None of these alleged statements were "promises" made at the time of employment by a person authorized to make them, nor could plaintiff truly claim to have relied on them after signing Exhibit 2.
3. Nothing further need be said about plaintiff's claim of a breach of public policy relating to payment of commissions. The court does not have to add to what appears in its decision. The same is true about the claim of a public policy to call police for every squabble between two employees. (The court's memorandum used the phrases "de rigore juris" and "de rigueur." There is a difference.) The Schmidt citation is not in point in the instant case.
4. The defamation and invasion of privacy claims do not stand up to scrutiny. There was no evidence that Hudson's notes which are in evidence were "published" to anyone except himself. The court's memorandum covers the question of "self-publication" adequately.
5. The emotional distress claim has been sufficiently covered in the court's decision. See 1 Restatement of Torts 2d emotional stress 46(d). There is no basis for this claim in the evidence or under the law.
Furthermore, in plaintiff's Post-Trial Brief dated June 15, 1993, the only claim pressed by plaintiff for emotional distress is set forth on pp. 10, 36, and 39 of that Brief. On p. 10 plaintiff asserts as Question VI whether Hudson's conduct in discharging plaintiff "create(d) a cause of action for intentional infliction of emotional distress. . ." Pages 36 and 39 refer again to the claim of intentional infliction of emotional distress. No claim of negligence is made in the Brief and no evidence was offered on the question of negligence.
While the court empathizes with the plaintiff and recognizes she was a good and productive employee who was treated poorly by an immature superior who manifested very bad CT Page 7975 managerial judgment, the facts and the law do not allow the court to rule in her favor.
THE COURT GEORGE A. SADEN STATE TRIAL REFEREE